```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION

SEKENYA S. HILL, as           }
Administratrix of the Estate  }
of KEVIN HILL, deceased,      }
                              }    CIVIL ACTION NO.
     Plaintiff,               }    09-AR-0372-S
                              }
v.                            }
                              }
KENNETH ERNEST WILSON, et     }
al.,                          }
                              }
     Defendants.              }
```

## MEMORANDUM OPINION

The court has before it the motion of plaintiff, Sekenya S. Hill, as administratrix of the estate of Kevin Hill, deceased, ("Hill"), to remand the above-referenced action to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendants, R.E. Barnett & Sons Trucking Co., Inc. ("Trucking") and Kenneth E. Wilson ("Wilson")(collectively "defendants"), two of the four named defendants, based upon their claim of the complete diversity and amount in controversy necessary for removal under 28 U.S.C. § 1332. Oral argument on this motion and on defendants' motion to strike was heard at the court's March 13, 2009, motion docket.

### Pertinent Facts

On January 30, 2009, Hill filed a complaint in the Circuit Court of Jefferson County, Alabama, naming Wilson, Trucking, Harmon

-1-

Edson, Jr., and Geico General Insurance Co., as defendants and alleging negligence, wantonness, and negligent entrustment, supervision, inspection, and instruction resulting in the wrongful death of Kevin Hill, Hill's decedent.

On February 24, 2009, Trucking and Wilson, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, filed a notice of removal. Contemporaneously with its notice of removal, Trucking filed in this court a suggestion of bankruptcy indicating that it had petitioned for relief under Chapter 11 in the United States Bankruptcy Court for the District of Arizona on February 3, 2009, and noting the automatic stay provision of 11 U.S.C. § 362(a).

**Analysis**

Hill's motion to remand triggers inquiry into subject-matter jurisdiction even though Hill did not explicitly raise the dispostive issue upon which this opinion rests. In its suggestion of bankruptcy, Trucking acknowledges, as it must, that this action was automatically stayed as of February 3, 2009, pursuant to 11 U.S.C. § 362(a).

> [A bankruptcy petition] . . . operates as a stay, **applicable to all entities**, of . . . the commencement or **continuation**, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1)(emphasis added). A removal is a continuation of an action encompassed by this automatic stay provision. *See In re Hoskins, et al.,* 266 B.R. 872 (Bankr. W.D. Mo. 2001)("Actions stayed by a bankruptcy filing include removing a pending state court lawsuit . . . if the claim or cause of action is subject to the automatic stay."). Thus, removal without the permission of the United States Bankruptcy Court for the District of Arizona violated the automatic stay provision and was void.

The fact that Trucking, the debtor, joined in taking an action in continuation of the present case is inconsequential in light of the fact that, at the time proceedings were initiated, Trucking was a defendant. *See Parker v. Bain, et al.*, 68 F.3d 1131, 1135-36 (9th Cir. 1995); *see also Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1310 (11th Cir. 1983). Likewise, Trucking cannot waive the automatic stay, because any relief from a stay must be authorized by the bankruptcy court. *See Ostano Commerzanstalt* v. Telewide Sys., Inc., *et al.*, 790 F.2d 206, 207 (2nd Cir. 1986)("Since the purpose of the stay is to protect creditors as well as the debtor, the debtor may not waive the automatic stay.").

## Conclusion

In the Eleventh Circuit, "actions taken in violation of the automatic stay are void and without effect." *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006). For the reasons discussed, this case will be remanded by separate order.

DONE this 17th day of March, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE